Filing # 140614317 E-Filed 12/17/2021 03:48:04 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DANDREA PARQUET individually and    CIRCUIT CIVIL DIVISION
as Mother and Natural Guardian of
DEREK HOLLOMAN AND DENYM    CASE NO.:  2021 CA 002137
HOLLOMAN,

      Plaintiffs,

v.

SWIFT TRANSPORTATION, L.L.C.
AND DONALD GERALD COPELAND,

      Defendants.

_____/

**COMPLAINT**

    **COMES NOW**, the Plaintiff, DANDREA PARQUET individually and as Mother and

Natural Guardian of DEREK HOLLOMAN AND DENYM HOLLOMAN, through the

undersigned attorney, sues the Defendants, DONALD GERALD COPELAND and SWIFT

TRANSPORTATION, L.L.C. and alleges:

**VENUE AND JURISDICTION**

    1.    This is an action for damages in excess of thirty thousand dollars $30,000.00

exclusive of costs, interest and attorney's fees.

    2.    This lawsuit arises out of a tractor-trailer crash that occurred on December 17,

2017 at or near Apalachee Parkway in Leon County, Florida (the "Crash").

    3.    Venue is proper in Leon County pursuant to Section 47.011, Florida Statutes, since

the Crash giving rise to this action occurred in Leon County, Florida.

PAGE 1 OF 12
LAW OFFICE OF COLLIN CHERRY, P.L.    TALLAHASSEE, FLORIDA

4.      At all times material, Defendant SWIFT TRANSPORTATION, L.L.C., regularly deployed and/or leased trucks and/or trailers from companies to transport goods in interstate commerce in the State of Florida, and regularly drove and permitted others to drive these commercial motor vehicles on the highways and interstates of Florida. In addition, Defendant SWIFT TRANSPORTATION, L.L.C. entered into employment and/or lease agreements, and other contracts, with truck drivers for tractors and trailers in the State of Florida, including with Defendant   DONALD   GERALD   COPELAND.   Further,   Defendant   SWIFT TRANSPORTATION, L.L.C. dispatched truck drivers throughout Florida to haul goods in interstate commerce, including Defendant DONALD GERALD COPELAND on the date of the crash. Accordingly, general personal jurisdiction over Defendant SWIFT TRANSPORTATION, L.L.C. is proper in this Court since this Defendant conducts substantial business in Florida and the claims raised herein arose out of this Defendant's substantial business activities in the State of Florida.

5.      Specific personal jurisdiction over Defendant SWIFT TRANSPORTATION, L.L.C. to be subject to Florida courts for this case is proper under the Florida Long Arm Statute and constitutional minimum contacts, because Defendant SWIFT TRANSPORTATION, L.L.C. by and through its agents, employees, and/or permissive users of its leased commercial motor vehicle, committed the tortious act that give rise to this action within the State of Florida and knowingly dispatched and permitted the tractor  to be operated by Defendant DONALD GERALD COPELAND in Florida at the time of this crash.

## PARTIES

6.      The Plaintiff, DANDREA PARQUET and children DEREK HOLLOMAN and

DENYM HOLLOMAN, were at all times material hereto residents of Tallahassee, Leon County, Florida, and in all other respects *sui juris*.

7.      Defendant, DONALD GERALD COPELAND, was at all times material hereto a resident of Mississippi and is in all other respects *sui juris*.

8.      Defendant, SWIFT TRANSPORTATION, L.L.C. a foreign profit corporation incorporated in the state of Arizona with its principal place of business in Phoenix and was engaged in business activities in Florida and other states.

9.      Defendant, SWIFT TRANSPORTATION, L.L.C. was the owner of the motor vehicle driven by Defendant, DONALD GERALD COPELAND, and knowingly permitted its vehicle to be operated in Florida. This court has jurisdiction pursuant to sections 48.171 and 48.193, Florida Statutes.

### GENERAL ALLEGATIONS

10.     The transportation of goods in interstate commerce constitutes an ultra-hazardous activity that presents substantial dangers to the driving public when not done safely, properly and with due caution. Accordingly, there are number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional truck drivers.

11.     At all times material hereto, SWIFT TRANSPORTATION, L.L.C. held itself out as and was an authorized interstate motor carrier authorized to transport goods in interstate commerce and in the State of Florida pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation ("USDOT"), or

both.

12.     Accordingly, SWIFT TRANSPORTATION, L.L.C. was subject to all state and federal laws, statutes, regulations and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation Florida Statute Chapter 316 governing state uniform traffic control and the Federal Motor Carrier Safety Regulations ("FMCSRs") set forth in 49 C.F.R. parts 371-397.

13.     SWIFT TRANSPORTATION, L.L.C. is regularly engaged in a commercial enterprise that involves the use of commercial motor vehicles and licensed commercial motor vehicle drivers as an integral part of its business. As a result, SWIFT TRANSPORTATION, L.L.C. had a duty and obligation to the driving public to exercise reasonable care to select safe, competent and conscientious motor carriers, commercial motor vehicles and professional drivers to deliver those goods to end consumers.

14.     As part of that stream of commerce, SWIFT TRANSPORTATION, L.L.C. selected and hired DONALD GERALD COPELAND to operate commercial motor vehicles in interstate commerce as approved by the USDOT, to deliver such goods to SWIFT TRANSPORTATION, L.L.C. customers in Florida as well as all over the country.

15.     At all relevant times, DONALD GERALD COPELAND was an unsafe and unqualified commercial motor vehicle operator and that information was readily available to SWIFT TRANSPORTATION, L.L.C. prior to the Crash.

16.     In return for the privilege to operate commercial motor vehicles on the public highways transporting goods in interstate commerce, motor carriers like SWIFT

TRANSPORTATION, L.L.C. must make certain safety related certifications and verifications to the USDOT. In order to obtain operating authority and obtain a USDOT Number, submitted a Form OP-1 Application for Motor Property Carrier and Broker Authority.

17.   The Form OP-1 submitted contained a "Safety Certification." certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that SWIFT TRANSPORTATION, L.L.C. have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that SWIFT TRANSPORTATION, L.L.C. will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

18.   More specifically, each Form OP-1 submitted contained a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that, at a minimum, SWIFT TRANSPORTATION, L.L.C.:

   a.  Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

   b.  Can produce a copy of the FMCSRs;

   c.  Had and will have in place a driver safety training/orientation program;

   d.  Had and will have prepared and maintain an accident register;

   e.  Is familiar with USDOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualification requirements;

   f.  Had and will have in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

    g. Is familiar with, and had and will have in place a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

    h. Must comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

    19.    On its behalf, an authorized representative of SWIFT TRANSPORTATION, L.L.C. swore under penalty of perjury to comply with the above "Safety Certifications."

    20.    At all relevant times, DONALD GERALD COPELAND was a class A licensed commercial vehicle operator.

    21.    On December 17, 2017, DONALD GERALD COPELAND was driving a Tractor-Trailer combination owned by SWIFT TRANSPORTATION, L.L.C. 1GRAA0623JL121847 (hereinafter collectively referred to as the "Semi").

    22.    Accordingly, DONALD GERALD COPELAND was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles including, without limitation, Florida Statute Chapter 316 governing state uniform traffic control and the FMCSRs set forth in 49 C.F.R. parts 371-397.

    23.    At all relevant times, DONALD GERALD COPELAND was the driver of the Semi involved in the Crash operating under SWIFT TRANSPORTATION, L.L.C.'s purported motor carrier authority, and therefore was employed and/or contracted to perform services for SWIFT TRANSPORTATION, L.L.C. in its affairs or under SWIFT TRANSPORTATION, L.L.C.'s USDOT operating authority and was subject to SWIFT TRANSPORTATION, L.L.C.'s control or right to control with the knowledge and consent and permission of SWIFT

TRANSPORTATION, L.L.C. such that SWIFT TRANSPORTATION, L.L.C. should be considered his actual and statutory employer.

24.    At all times material, DONALD GERALD COPELAND was operating the Semi with the consent and permission of SWIFT TRANSPORTATION, L.L.C.

25.    Accordingly, SWIFT TRANSPORTATION, L.L.C., and DONALD GERALD COPELAND are personally liable, jointly and severally, for Plaintiff's permanent injuries and damages claimed herein.

**COUNT I**
**NEGLIGENCE**

26.    Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

27.    On or about December 17, 2017, Defendant, SWIFT TRANSPORTATION, L.L.C. owned a motor vehicle that was operated with their consent by Defendant, DONALD GERALD COPELAND at or near Apalachee Parkway in Tallahassee, Leon County, Florida.

28.    At that time and place, DONALD GERALD COPELAND negligently operated and/or maintained the vehicle in the scope of his employment with Defendant, SWIFT TRANSPORTATION, L.L.C. so that it collided with Plaintiffs' motor vehicle.

29.    As a direct and proximate result of the Defendants' negligence, Plaintiffs, DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN, suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, need for future medical treatment,

and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

**WHEREFORE**, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demand judgment for damages against Defendants DONALD GERALD COPELAND and SWIFT TRANSPORTATION, L.L.C., for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

<u>**COUNT II**</u>
<u>**ACTIVE NEGLIGENCE AGAINST**</u>
<u>**DEFENDANT SWIFT TRANSPORTATION, L.L.C.**</u>

30.     Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

31.     SWIFT TRANSPORTATION, L.L.C. had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles in interstate commerce.

32.     Upon information and belief, SWIFT TRANSPORTATION, L.L.C. failed in the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a.   Prior to hiring, selecting, or otherwise contracting with DONALD GERALD COPELAND, failing to conduct reasonable due diligence, or to retain a competent third party to conduct due diligence, into the safety record, driving history, training, experience and licensure of DONALD GERALD COPELAND;

b. By negligently, recklessly, or with careless disregard for the safety of the public hiring, selecting, contracting or otherwise engaging DONALD GERALD COPELAND to transport its goods in intrastate and/or interstate commerce in light of information that was known, or should have been known, to SWIFT TRANSPORTATION, L.L.C., including his subpar safety record;

c. Failing to ensure DONALD GERALD COPELAND had the proper training and experience to inspect and operate the Semi in a reasonably safe manner for a professional truck driver;

d. Failing to properly train and instruct its driver DONALD GERALD COPELAND on safe driving, trip planning and routing;

e. Failing to verify that DONALD GERALD COPELAND operated the Semi in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

f. Negligently supervising DONALD GERALD COPELAND;

g. Negligently retaining DONALD GERALD COPELAND;

h. Negligently entrusting the Semi, a dangerous instrumentality, to an incompetent, dangerous and unqualified driver, like DONALD GERALD COPELAND;

i. Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles, which created a zone and culture of danger that constituted a dangerous mode of operation that was

reasonably anticipated to cause injury to the traveling public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like DONALD GERALD COPELAND; and/or

j.  Having a negligent mode of operation and poor safety culture that created danger to all motorists exposed to its commercial vehicle drivers.

33.     As a direct and proximate result of SWIFT TRANSPORTATION, L.L.C.'s negligence, carelessness and reckless actions, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN suffered damages.

**WHEREFORE**, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demand judgment for damages against Defendant SWIFT TRANSPORTATION, L.L.C., for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## COUNT III
## PASSIVE NEGLIGENCE AGAINST
## DEFENDANT SWIFT TRANSPORTATION, L.L.C.

34.     Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

35.     At all relevant times, DONALD GERALD COPELAND was SWIFT TRANSPORTATION, L.L.C.'s agent, employee, servant and/or independent contractor acting within the course and scope of his agency or employment, under the direct control and for the benefit of SWIFT TRANSPORTATION, L.L.C.

36.    SWIFT TRANSPORTATION, L.L.C. retained the right to exercise control over DONALD GERALD COPELAND in connection with the load and SWIFT TRANSPORTATION, L.L.C.'s activities were directed to the details required for the ultimate purpose for which it was hired by the shippers, that is, delivery of a load to its proper destination in a timely fashion.

37.    Therefore, SWIFT TRANSPORTATION, L.L.C. is vicariously liable for the negligence of DONALD GERALD COPELAND.

**WHEREFORE**, the Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN, by and through the undersigned the counsel, demand judgment against the Defendants, DONALD GERALD COPELAND AND SWIFT TRANSPORTATION, L.L.C., for damages, costs of this action, prejudgment interest as may be applicable, post-judgment interest, and trial by jury.

## COUNT IV
### DANGEROUS INSTRUMENTALITY LIABILITY
### AGAINST DEFENDANT SWIFT TRANSPORTATION, L.L.C.

38.    Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

39.    At the time of the crash, Defendant DONALD GERALD COPELAND was operating the Semi, a dangerous instrumentality, with Defendant ARIZONA MOTOR EXPRESS's permission.

40.    Accordingly, ARIZONA MOTOR EXPRESS is vicariously liable under the dangerous instrumentality doctrine for the negligence of DONALD GERALD COPELAND.

**WHEREFORE**, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demand judgment for damages against Defendant SWIFT TRANSPORTATION, L.L.C. for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## TRIAL BY JURY

41.     Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demands a trial by jury of all issues and counts so triable herein.

**LAW OFFICE OF COLLIN CHERRY, P.L.**

/s/ A. Collin Cherry
**ARTHUR CHERRY COLLIN, Esquire**
Fla. Bar No.: 0115355
*The Cherry-Pichard House (Circa. 1940)*
1114 East Park Avenue
Tallahassee, Florida 32301
Service Email: collin@cherrylaw.us
Secondary Email: legal@cherrylaw.us
(850) 224-1100   Fax: (850) 224-1365
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing document will be provided to a process server to be served upon the defendants.

/s/ A. Collin Cherry
ATTORNEY

Filing # 140981609 E-Filed 12/27/2021 05:44:11 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DANDREA PARQUET individually and as     CIRCUIT CIVIL DIVISION
Mother and Natural Guardian of DEREK
HOLLOMAN AND DENYM HOLLOMAN,     CASE NO.: 2021 CA 002137]
       Plaintiffs,
v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, L.L.C. AND DONALD
GERALD COPELAND,
       Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, Notice of
Service of Plaintiff's First Interrogatories to Defendant, Plaintiff's First Interrogatories to
Defendant, Plaintiff's First Request for Production to Defendant, Plaintiff's First Admissions and
the Uniform Case Management Order upon:
          **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**
             By serving its registered agent:
               **NRAI SERVICES, INC.**
             **1200 SOUTH PINE ISLAND RD**
               **PLANTATION, FL 33324**
      Each defendant is required to serve written defenses to the Complaint upon **Law Office
of Collin Cherry, P.L.**, Plaintiff's attorneys, whose address is *The Cherry-Pichard House
(Circa. 1940),* 1114 East Park Avenue, Tallahassee, Florida 32301, within (20) twenty days after
service of this Summons on that defendant, exclusive of the day of service, and to file the
original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney
or immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the Complaint or Petition.

      Each defendant is required to serve written responses to Plaintiff's First Interrogatories to
Defendant, Plaintiff's First Request for Production to Defendant and Plaintiff's First Request for
Admissions to Defendant upon the **Law Office of Collin Cherry, P.L.**, Plaintiff's attorneys,
whose address is *The Cherry-Pichard House (Circa. 1940),* 1114 East Park Avenue, Tallahassee,
Florida 32301, Plaintiff's attorneys, within (45) forty-five days after service of this Summons on
that defendant, exclusive of the day of service, and to file the original of the responses with the
Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter.

DATED on ___12/28/2021_____.

As Clerk of the Court

By: _Yolanda Smith_____

As Deputy Clerk

Filing # 140981609 E-Filed 12/27/2021 05:44:11 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DANDREA PARQUET INDIVIDUALLY AND    CIRCUIT CIVIL DIVISION
AS MOTHER AND NATURAL GUARDIAN
OF DEREK HOLLOMAN AND DENYM    CASE NO.: 2021 CA 002137]
HOLLOMAN,

       Plaintiffs,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, L.L.C. AND DONALD GERALD
COPELAND,

       Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, Notice of Service of Plaintiff's First Interrogatories to Defendant, Plaintiff's First Interrogatories to Defendant, Plaintiff's First Request for Production to Defendant, and Plaintiff's First Request for Admissions from Defendant upon:

**Donald Copeland**
**646 Watts Lane**
**Brookhaven, MS 39601**

       Each defendant is required to serve written defenses to the Complaint upon the **Law Office of Collin Cherry, P.L.**, Plaintiff's attorneys, whose address is *The Cherry-Pichard House (Circa. 1940),* 1114 East Park Avenue, Tallahassee, Florida 32301, within **twenty (20) days** after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or Petition.

       Each defendant is required to serve written responses to Plaintiff's First Interrogatories to Defendant, Plaintiff's First Request for Production to Defendant and Plaintiff's First Request for Admissions to Defendant, Plaintiffs First Admissions and the Uniform Case Management Order upon the **Law Office of Collin Cherry, P.L.**, Plaintiff's attorneys, whose address is *The Cherry-Pichard House (Circa. 1940),* 1114 East Park Avenue, Tallahassee, Florida 32301, within (45) forty-five days after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the responses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.

       DATED on    *12/28/2021*      .

                        As Clerk of the Court

By: *Yolanda Smith*

As Deputy Clerk

Filing # 140981609 E-Filed 12/27/2021 05:44:11 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

**DANDREA PARQUET individually and**      **CIRCUIT CIVIL DIVISION**
**as Mother and Natural Guardian of**
**DEREK HOLLOMAN AND DENYM**      **CASE NO.: 2021 CA 002137|**
**HOLLOMAN,**

      **Plaintiffs,**

**v.**

**SWIFT TRANSPORTATION CO. OF**
**ARIZONA, L.L.C. AND DONALD**
**GERALD COPELAND,**

      **Defendants.**

_____/

## FIRST AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, DANDREA PARQUET individually and as Mother and

Natural Guardian of DEREK HOLLOMAN AND DENYM HOLLOMAN, through the

undersigned attorney, sues the Defendants, DONALD GERALD COPELAND and SWIFT

TRANSPORTATION CO. OF ARIZONA, L.L.C. and alleges:

### VENUE AND JURISDICTION

1.    This is an action for damages in excess of thirty thousand dollars $30,000.00

exclusive of costs, interest and attorney's fees.

2.    This lawsuit arises out of a tractor-trailer crash that occurred on December 17, 2017

at or near Apalachee Parkway in Leon County, Florida (the "Crash").

3.    Venue is proper in Leon County pursuant to Section 47.011, Florida Statutes, since

the Crash giving rise to this action occurred in Leon County, Florida.

4.      At all times material, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C., regularly deployed and/or leased trucks and/or trailers from companies to transport goods in interstate commerce in the State of Florida, and regularly drove and permitted others to drive these commercial motor vehicles on the highways and interstates of Florida.  In addition, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. entered into employment and/or lease agreements, and other contracts, with truck drivers for tractors and trailers in the State of Florida, including with Defendant DONALD GERALD COPELAND.  Further, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. dispatched truck drivers throughout Florida to haul goods in interstate commerce, including Defendant DONALD GERALD COPELAND on the date of the crash.  Accordingly, general personal jurisdiction over Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. is proper in this Court since this Defendant conducts substantial business in Florida and the claims raised herein arose out of this Defendant's substantial business activities in the State of Florida.

5.      Specific personal jurisdiction over Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. to be subject to Florida courts for this case is proper under the Florida Long Arm Statute and constitutional minimum contacts, because Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. by and through its agents, employees, and/or permissive users of its leased commercial motor vehicle, committed the tortious act that give rise to this action within the State of Florida and knowingly dispatched and permitted the tractor  to be operated by Defendant DONALD GERALD COPELAND in Florida at the time of this crash.

## **PARTIES**

6.      The Plaintiff, DANDREA PARQUET and children DEREK HOLLOMAN and

DENYM HOLLOMAN, were at all times material hereto residents of Tallahassee, Leon County, Florida, and in all other respects *sui juris*.

7.     Defendant, DONALD GERALD COPELAND, was at all times material hereto a resident of Mississippi and is in all other respects *sui juris*.

8.     Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. a foreign profit corporation incorporated in the state of Arizona with  its principal place of business in Phoenix and was engaged in business activities in Florida and other states.

9.     Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. was the owner of the motor vehicle driven by Defendant, DONALD GERALD COPELAND, and knowingly permitted its vehicle to be operated in Florida. This court has jurisdiction pursuant to sections 48.171 and 48.193, Florida Statutes.

## GENERAL ALLEGATIONS

10.     The transportation of goods in interstate commerce constitutes an ultra-hazardous activity that presents substantial dangers to the driving public when not done safely, properly and with due caution. Accordingly, there are number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional truck drivers.

11.     At all times material hereto, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. held itself out as and was an authorized interstate motor carrier authorized to transport goods in interstate commerce and in the State of Florida pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation

("USDOT"), or both.

12.     Accordingly, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. was subject to all state and federal laws, statutes, regulations and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation Florida Statute Chapter 316 governing state uniform traffic control and the Federal Motor Carrier Safety Regulations ("FMCSRs") set forth in 49 C.F.R. parts 371-397.

13.     SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. is regularly engaged in a commercial enterprise that involves the use of commercial motor vehicles and licensed commercial motor vehicle drivers as an integral part of its business. As a result, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. had a duty and obligation to the driving public to exercise reasonable care to select safe, competent and conscientious motor carriers, commercial motor vehicles and professional drivers to deliver those goods to end consumers.

14.     As part of that stream of commerce, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. selected and hired DONALD GERALD COPELAND to operate commercial motor vehicles in interstate commerce as approved by the USDOT, to deliver such goods to SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. customers in Florida as well as all over the country.

15.     At all relevant times, DONALD GERALD COPELAND was an unsafe and unqualified commercial motor vehicle operator and that information was readily available to SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. prior to the Crash.

16.     In return for the privilege to operate commercial motor vehicles on the public

highways transporting goods in interstate commerce, motor carriers like SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. must make certain safety related certifications and verifications to the USDOT. In order to obtain operating authority and obtain a USDOT Number, submitted a Form OP-1 Application for Motor Property Carrier and Broker Authority.

17.     The Form OP-1 submitted contained a "Safety Certification." certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

18.     More specifically, each Form OP-1 submitted contained a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that, at a minimum, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.:

    a.  Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    b.  Can produce a copy of the FMCSRs;

    c.  Had and will have in place a driver safety training/orientation program;

    d.  Had and will have prepared and maintain an accident register;

    e.  Is familiar with USDOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualification requirements;

    f.  Had and will have in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of

service and vehicle inspection, repair and maintenance;

g.  Is familiar with, and had and will have in place a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h.  Must comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

19.  On its behalf, an authorized representative of SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. swore under penalty of perjury to comply with the above "Safety Certifications."

20.  At all relevant times, DONALD GERALD COPELAND was a class A licensed commercial vehicle operator.

21.  On December 17, 2017, DONALD GERALD COPELAND was driving a Tractor-Trailer combination owned by SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. 1GRAA0623JL121847 (hereinafter collectively referred to as the "Semi").

22.  Accordingly, DONALD GERALD COPELAND was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles including, without limitation, Florida Statute Chapter 316 governing state uniform traffic control and the FMCSRs set forth in 49 C.F.R. parts 371-397.

23.  At all relevant times, DONALD GERALD COPELAND was the driver of the Semi involved in the Crash operating under SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.'s purported motor carrier authority, and therefore was employed and/or contracted to perform services for SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. in its affairs or under SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.'s USDOT operating authority and was

subject to SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.'s control or right to control with the knowledge and consent and permission of SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. such that SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. should be considered his actual and statutory employer.

24.    At all times material, DONALD GERALD COPELAND was operating the Semi with the consent and permission of SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.

25.    Accordingly, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C., and DONALD GERALD COPELAND are personally liable, jointly and severally, for Plaintiff's permanent injuries and damages claimed herein.

## COUNT I
## NEGLIGENCE

26.    Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

27.    On or about December 17, 2017, Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. owned a motor vehicle that was operated with their consent by Defendant, DONALD GERALD COPELAND at or near Apalachee Parkway in Tallahassee, Leon County, Florida.

28.    At that time and place, DONALD GERALD COPELAND negligently operated and/or maintained the vehicle in the scope of his employment with Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. so that it collided with Plaintiffs' motor vehicle.

29.    As a direct and proximate result of the Defendants' negligence, Plaintiffs, DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN, suffered bodily

injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, need for future medical treatment, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

**WHEREFORE**, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demand judgment for damages against Defendants DONALD GERALD COPELAND and SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C., for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

**COUNT II**
**ACTIVE NEGLIGENCE AGAINST**
**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.**

30.     Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

31.     SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles in interstate commerce.

32.     Upon information and belief, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. failed in the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a.  Prior to hiring, selecting, or otherwise contracting with DONALD GERALD

PAGE 8 OF 13
LAW OFFICE OF COLLIN CHERRY, P.L.   TALLAHASSEE, FLORIDA

COPELAND, failing to conduct reasonable due diligence, or to retain a competent third party to conduct due diligence, into the safety record, driving history, training, experience and licensure of DONALD GERALD COPELAND;

b.  By negligently, recklessly, or with careless disregard for the safety of the public hiring, selecting, contracting or otherwise engaging DONALD GERALD COPELAND to transport its goods in intrastate and/or interstate commerce in light of information that was known, or should have been known, to SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C., including his subpar safety record;

c.  Failing to ensure DONALD GERALD COPELAND had the proper training and experience to inspect and operate the Semi in a reasonably safe manner for a professional truck driver;

d.  Failing to properly train and instruct its driver DONALD GERALD COPELAND on safe driving, trip planning and routing;

e.  Failing to verify that DONALD GERALD COPELAND operated the Semi in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

f.  Negligently supervising DONALD GERALD COPELAND;

g.  Negligently retaining DONALD GERALD COPELAND;

h.  Negligently entrusting the Semi, a dangerous instrumentality, to an incompetent, dangerous and unqualified driver, like DONALD GERALD COPELAND;

i.  Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer

drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles, which created a zone and culture of danger that constituted a dangerous mode of operation that was reasonably anticipated to cause injury to the traveling public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like DONALD GERALD COPELAND; and/or

j.  Having a negligent mode of operation and poor safety culture that created danger to all motorists exposed to its commercial vehicle drivers.

33.  As a direct and proximate result of SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.'s negligence, carelessness and reckless actions, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN suffered damages.

**WHEREFORE**, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demand judgment for damages against Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C., for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## COUNT III
## PASSIVE NEGLIGENCE AGAINST
## DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.

34.  Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

35.  At all relevant times, DONALD GERALD COPELAND was SWIFT

TRANSPORTATION CO. OF ARIZONA, L.L.C.'s agent, employee, servant and/or independent contractor acting within the course and scope of his agency or employment, under the direct control and for the benefit of SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.

36.     SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. retained the right to exercise control over DONALD GERALD COPELAND in connection with the load and SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.'s activities were directed to the details required for the ultimate purpose for which it was hired by the shippers, that is, delivery of a load to its proper destination in a timely fashion.

37.     Therefore, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. is vicariously liable for the negligence of DONALD GERALD COPELAND.

**WHEREFORE**, the Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN, by and through the undersigned the counsel, demand judgment against the Defendants, DONALD GERALD COPELAND AND SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C., for damages, costs of this action, prejudgment interest as may be applicable, post-judgment interest, and trial by jury.

## COUNT IV
## DANGEROUS INSTRUMENTALITY LIABILITY
## AGAINST DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.

38.     Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN adopt by reference all allegations contained in Paragraphs one through twenty-five (1-25) as though fully set forth herein.

39.     At the time of the crash, Defendant DONALD GERALD COPELAND was operating the Semi, a dangerous instrumentality, with Defendant SWIFT TRANSPORTATION

CO. OF ARIZONA, L.L.C.'s permission.

40.     Accordingly, SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. is vicariously liable under the dangerous instrumentality doctrine for the negligence of DONALD GERALD COPELAND.

**WHEREFORE**, Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demand judgment for damages against Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C. for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## TRIAL BY JURY

41.     Plaintiffs DANDREA PARQUET, DEREK HOLLOMAN AND DENYM HOLLOMAN demands a trial by jury of all issues and counts so triable herein.

**LAW OFFICE OF COLLIN CHERRY, P.L.**

/s/ A. Collin Cherry
**ARTHUR CHERRY COLLIN, Esquire**
Fla. Bar No.: 0115355
*The Cherry-Pichard House (Circa. 1940)*
1114 East Park Avenue
Tallahassee, Florida 32301
Service Email: collin@cherrylaw.us
Secondary Email: legal@cherrylaw.us
(850) 224-1100   Fax: (850) 224-1365
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing document will be provided to a process server to be served upon the defendants.

/s/ A. Collin Cherry_____
ATTORNEY

Filing # 143010567 E-Filed 01/31/2022 10:12:06 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

DANDREA PARQUET, individually and
as Mother and Natural Guardian of
DEREK HOLLOMAN AND DENYM
HOLLOMAN,

        Plaintiffs,

vs.                                   CASE NO. 2021-CA-002137

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and DONALD GERALD
COPELAND,

        Defendants.

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

---

Defendants, Swift Transportation Company of Arizona, LLC, and Donald Gerald Copeland, through counsel, file this Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint and state:

### VENUE AND JURISDICTION

1.      Admitted for jurisdictional purposes only.

2.      Admit an accident occurred, otherwise denied.

3.      Admitted.

4.      Admit personal jurisdiction over Swift exists for this accident, otherwise denied.

5.      Admit personal jurisdiction over Swift exists for this accident, otherwise denied.

### PARTIES

6.      Without knowledge, therefore denied.

7.      Admitted.

8.      Denied.  Swift is incorporated in Deleware.

9.      Admit the tractor was leased to and registered to Swift Transportation Company of

Arizona, LLC, was operated under Swift's DOT number, and that  Swift permitted

Mr. Copeland to operate the tractor.  Otherwise, denied.

**GENERAL ALLEGATIONS**

10.      Defendants  move  to  strike  the  allegations  in  Paragraph  10  as  impertinent.

Otherwise, the defendants deny, or are without knowledge and therefore deny the

allegations in Paragraph 10.

11.      Admitted.

12.      Without knowledge, therefore denied.

13.      Calls for a legal conclusion for which no response is required.  To the extent a

response is required, denied.

14.      Admit Swift hired Mr. Copeland to drive.  Otherwise, denied.

15.      Denied.

16.      Defendants  move  to  strike  the  allegations  in  Paragraph  16  as  immaterial  and

impertinent.   Moreover, the regulations referenced speak for themselves so no

response is required.

17.      Defendants  move  to  strike  the  allegations  in  Paragraph  17  as  immaterial  and

impertinent.   Moreover, the regulations referenced speak for themselves so no

response is required.

18.      Defendants move to strike the allegations in Paragraph 18 and its subparts as

immaterial  and  impertinent.   Moreover,  the  regulations  referenced  speak  for

themselves so no response is required.

a.

b.

c.

d.

e.

f.

g.

h.

19.    Without knowledge, therefore denied.

20.    Admitted.

21.    Admitted.

22.    Without knowledge, therefore denied.

23.    Admit Swift employed Mr. Copeland.  Otherwise, calls for a legal conclusion to which no response is required.

24.    Admit Mr. Copeland operated the tractor trailer at the time of the accident with Swift's permission and consent in the course and scope of his employment at Swift.

25.    Admit Mr. Copeland operated the tractor trailer at the time of the accident with Swift's permission and consent in the course and scope of his employment at Swift. Otherwise, denied.

## COUNT I - NEGLIGENCE

26.    Defendants adopt and incorporate their responses to Paragraphs 1-25 as if fully restated.

27.    Admitted.

28.    Defendants deny all allegations of negligence.  Admit Mr. Copeland operated the tractor trailer in the course and scope of his employment at Swift.

29.    Defendants deny all allegations of negligence.  Defendants deny or are without knowledge and therefore deny the remaining allegations.

## COUNT II – ACTIVE NEGLIGENCE AGAINST DEFENDANT, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' alleged inability to attend to their usual daily activities and duties were caused or exacerbated by the COVID-19 pandemic and resultant shut down orders promulgated by their employer or any government entity, said alleged loss of wages should be barred or reduced.

**NINTH AFFIRMATIVE DEFENSE**

Any damages awarded to Plaintiffs must be reduced by the amount of any collateral sources, including but not limited to insurance, social security, Federal and State COVID-19 relief payments, that the Court finds was, or will be with reasonable certainty, replaced or indemnified; such that the answering Defendants' liability to Plaintiffs, which is expressly denied, must be reduced correspondingly.

**TENTH AFFIRMATIVE DEFENSE**

Defendants plead the statute of limitations expired before Swift Transportation Co. of Arizona, LLC was sued in this matter in the Amended Complaint, and the relation back doctrine is inapplicable because Swift Transportation, LLC does not exist.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury of all issues so triable as a matter of right.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the

Court's E-Portal service and on this day has been used as a means of service upon: Arthur Cherry

Collin, Esquire (collin@cherrylaw.us; legal@cherrylaw.us), Law Office of Collin Cherry, P.L., The

Cherry-Pichard House, 1114 East Park Avenue, Tallahassee, FL 32301, Attorney for Plaintiffs, on

this 31st day of January, 2022.

> **CARR ALLISON**
> 305 South Gadsden Street
> Tallahassee, FL  32301
> T: (850) 222-2107
> F: (850) 222-8475
> E1: cbarkas@carrallison.com
> E2: kweaver@carrallison.com
> E3: drodriguez@carrallison.com
>
>
> _____
> Christopher Barkas        ◆        FBN 449202
> S. Kyle Weaver        ◆        FBN 1002666
>
> **Attorneys for Defendants**

Filing # 143010567 E-Filed 01/31/2022 10:12:06 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

DANDREA PARQUET, individually and
as Mother and Natural Guardian of
DEREK HOLLOMAN AND DENYM
HOLLOMAN,

        Plaintiffs,

vs.                            CASE NO. 2021-CA-002137

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and DONALD GERALD
COPELAND,

        Defendants.

---

**DEFENDANTS, SWIFT TRANSPORTATION COMPANY OF ARIZONA,
LLC AND DONALD COPELAND'S MOTION TO DISMISS COUNT II**

---

Defendants, Swift Transportation Company of Arizona, LLC and Donald

Copeland, through counsel and pursuant to Fla. R. Civ. P. 1.140(b)(6), file this

Motion to Dismiss Count II, and state:

**<u>Introduction</u>**

1. This case arises out of a motor vehicle accident which occurred on December

    17, 2017.  At the time of the accident, Mr. Copeland was driving a vehicle

    operated by his employer, Swift Transportation Company of Arizona, LLC

    ("Swift").  The vehicle was normally used for commercial activity in the

    ordinary course of Swift's business, and with Swift's permission and consent.

2. On December 17, 2021, Plaintiffs filed their Complaint against Mr. Copeland

and Swift Transportation, LLC.  An Amended Complaint was filed December 27, 2021 against Swift Transportation Co. of Arizona, LLC.  The Amended Complaint discloses the following counts: 1) alleged negligence of Mr. Copeland[1] in the operation of his tractor; 2) alleged "active negligence" of Swift for its employment of Mr. Copeland, who Plaintiffs allege was unfit to drive; 3) alleged liability of Swift under the doctrine of *respondeat superior*; and, 4) alleged vicarious liability of Swift under the *Dangerous Instrumentality Doctrine*.

3. Although Swift and Mr. Copeland deny each and every allegation of negligence, Swift, by admission in this pleading, and in its answer--admits its vicarious responsibility for any alleged negligence under the doctrine of *Respondeat Superior,* and under the *Dangerous Instrumentality Doctrine.*

4. Aside from the lack of factual merit (there is not a specific factual allegation in the Complaint of how Mr. Copeland was unfit, and instead contains merely vague and boilerplate allegations), the claims are not legally viable. There can be no direct cause of action against an employer for negligent employment (hiring, retention, selection, entrustment, etc.) where, as here, 1) the alleged negligent employment allegation adds no additional liability, and, 2) there is no apportionment between an alleged vicariously liable tortfeasor and an alleged actively liable tortfeasor.

_____

[1] A fair reading of Count I lends itself to this interpretation, though the Count is not specifically pled against Mr. Copeland, which could itself, form the basis for a Motion to Dismiss or Alternatively, Motion for a More Definite Statement.

5. Plaintiff's negligent employment claim against Swift fails to state a claim upon which relief can be granted, and must be dismissed with prejudice.

## Motion to Dismiss Standard

A motion to dismiss for failure to state a cause of action pursuant to Florida Rule of Civil Procedure 1.140(b)(6) "tests the legal sufficiency of the complaint." *Barbado v. Green & Murphy, P.A.*, 758 So. 2d 1173, 1174 (Fla. 4th DCA 2000) (citation omitted). *Baker v. Fender*, 614 So. 2d 14, 15 (Fla. 3d DCA 1993) (citation omitted). Therefore, "'[a] motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts.'" *Eagletech Communs., Inc. v. Bryn Mawr Inv. Grp., Inc.*, 79 So. 3d 855, 861 (Fla. 4th DCA 2012) (emphasis added). However, a court "need not accept internally inconsistent factual claims, conclusory allegations, unwarranted deductions, or mere legal conclusions made by a party." *W.R. Townsend Contr., Inc. v. Jensen Civ. Constr., Inc.,* 728 So. 2d 297, 300 (Fla. 1st DCA 1999) (citation omitted) (internal quotes omitted).

## Argument

### A. **Plaintiff's entrustment theory imposes no additional liability on Swift and there is no apportionment of fault between Mr. Copeland and Swift**

In Florida, once a party has admitted it is vicariously liable for the alleged negligence of its employee, derivative liability claims are improper where they impose no additional liability. *See generally Dewit v. UPS Ground Freight, Inc.*, 1:16-CV-36-MW/CAS, 2017 U.S. Dist. LEXIS 167963, at *8 (M.D. Fla. June 16,

2017)(in the context of a commercial automobile case)(citing *Shaw v. Pizza Hut of Am., Inc.*, No. 8:08-cv27, 2009 U.S. Dist. LEXIS 48912, at *1 (M.D. Fla. June 1, 2009)).

The decision of the United States District Court for the Northern District of Florida in *Dewit v. UPS Ground Freight, Inc.*, is instructive here. In *Dewit*, plaintiff was involved in an automobile accident with an independent contractor of UPS Ground Freight. *Dewit*, 2017 U.S. Dist. LEXIS 167963, at *3-*8. There, Plaintiffs filed suit and alleged the negligence of the independent contractor for UPS Ground Freight, the vicarious responsibility of UPS Ground Freight for the actions of the contractor, and the negligence of UPS Ground Freight in hiring, training, retaining, and supervising their contractor. *Id.* at *4-*5. UPS Ground Freight admitted their vicarious responsibility for the actions of the contractor, and moved for summary judgment on the negligent hiring, training, supervision, and retention ("negligent employment") claims. *Id.*

The Northern District first surveyed the decisions of several state and federal courts disallowing negligent employment claims before agreeing, and explaining:

> Here too, Plaintiffs' derivative-liability theories are "totally unnecessary." *Id.* UPS Freight is bound by its admission that it is vicariously liable for Mr. Stone's alleged negligence. And that alleged negligence is "inextricably intertwined," id. at 275, with Plaintiffs' derivative-liability claims against UPS Freight; indeed, the derivative-liability claims may only survive if Mr. Stone was, in fact, negligent. See, e.g., Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046, 1052 (Fla. 5th DCA 2004) ("In order to establish liability based on negligent hiring, the plaintiff must first establish that the employee committed a wrongful act that caused the injury."). And Plaintiffs do not seek punitive damages. Plaintiffs' derivative-liability claims are thus duplicative of their vicarious liability claim and must be dismissed.

*Id.* at *9-*10.  The Northern District next addressed the argument that the negligent employment claims could expose UPS Ground Freight to additional liability because the jury would apportion liability among all alleged tortfeasors.  *Id.* at * 10.  The Northern District rejected the argument, bluntly explaining: "Nonsense. Florida law 'does not require the apportionment of responsibility between a defendant whose liability is derivative and the directly liable negligent tortfeasor.'" *Id.* at *10-*11.  The court ultimately concluded "[b]ecause Plaintiffs' derivative-liability claims do not expose UPS Freight to any additional liability, they are duplicative of the vicarious-liability claims and must be dismissed."  *Id.* at *11.

Here, as in *Dewit*, Swift admits its vicarious responsibility for any alleged negligence of Mr. Coepland under the *Dangerous Instrumentality Doctrine* and the doctrine of *Respondeat Superior*.  The negligent employment theories espoused in Count II add nothing to the claim against Swiftt: there is no apportionment among Swift and Mr. Copeland and there is no punitive damages claim (nor a coloarable basis for one).

Moreover, any reliance by the Plaintiff on the decisions of the First District Court of Appeal in *Dunmore v. Eagle Motor Lines* or the Fifth District Court of Appeal in *Trevino v. Mobley* is misplaced and not applicable under the facts of this case.  Addressing these two cases, in *Dewit*, the United States District Court for the Northern District of Florida explained:

> Contrary to Plaintiffs' assertion, *Dunmore v. Eagle Motor Lines*, 560 So.2d 1261 (Fla. 1st DCA 1990), and *Trevino v. Mobley*, 63 So.3d 865 (Fla. 5th DCA 2011), are readily distinguishable. *Dunmore*, for

example, did not involve vicarious liability and derivative-liability claims brought against the same party (as is the case here). Rather, those claims were brought against separate parties. *Dunmore*, 560 So.2d at 1262. The derivative-liability claim therefore "imposed additional liability on [the allegedly derivatively liable defendant] not available to plaintiff against [that defendant] under any other alleged legal theory." *Id.* at 1263-64 (citing *Clooney v. Geeting*. 352 So.2d 1216 (Fla. 2d DCA 1977)). Similarly, in *Trevino*, a Florida Statute limited the plaintiff's damages for the vehicle owner's vicarious liability but not for his derivative liability. 63 So.3d at 867. The derivative-liability claim therefore exposed the vehicle owner to additional liability. No such statute applies here.

*Dewit*, 2017 U.S. Dist. LEXIS 167963, at *10, n5.

As the *Dewit* court recognized, the *Trevino* court allowed a negligent entrustment claim to stand against the personal vehicle owner, in addition to the purely vicarious dangerous instrumentality claim <u>because the dangerous instrumentality doctrine caps damages available against personal automobile owners</u>. The dangerous instrumentality doctrine does not cap damages against commercial automobiles like the one driven by Mr. Roland and owned by Roland Transport. *See* § 324.021(9)(c)(1)(damages cap does "not apply to an owner of motor vehicles that are used for commercial activity in the owner's ordinary course of business . . . ."). Thus, the negligent entrustment claim adds no additional liability against Roland Transport because Roland Transport is already and remains liable without any limit imposed by the *Dangerous Instrumentality Doctrine* for any alleged negligence of Mr. Roland.

Similarly, as the *Dewit* court explained, the *Dunmore* case is factually and legally distinguishable because *Dunmore* did not involve claims against the same derivatively and vicariously liable party. There, fault had to be apportioned between

the different parties.  Not so in *Dewit*, or here.  Swift and Mr. Copeland are the only defendants, and under the Complaint's allegations, Swift is the same party which is allegedly both derivatively and vicariously liable.   *Dewit* directs there is no apportionment to be had under these facts, no additional liability for Swift, and that the negligent entrustment claim is futile, without merit and should be dismissed with prejudice.

## Conclusion

In sum, Count II of Plaintiff's Complaint fails to state a claim for negligent employment because there is no additional liability imposed on Swift by the negligent entrustment claim.

WHEREFORE, Defendants Swift Transportation Company of Arizona, LLC and Donald Copeland request this Court find Count II of Plaintiff's Complaint fails to state a claim and enter an Order dismissing Count II with prejudice.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the Court's E-Portal service and on this day has been used as a means of service upon:   Arthur   Cherry   Collin,   Esquire   (collin@cherrylaw.us; legal@cherrylaw.us), Law Office of Collin Cherry, P.L., The Cherry-Pichard House, 1114 East Park Avenue, Tallahassee, FL 32301, Attorney for Plaintiffs, on this 31st day of January, 2022.

> **CARR ALLISON**
> 305 South Gadsden Street
> Tallahassee, FL  32301
> T: (850) 222-2107
> F: (850) 222-8475
> E1: cbarkas@carrallison.com
> E2: kweaver@carrallison.com
> E3: drodriguez@carrallison.com
>
>
> _____
> Christopher Barkas     ◆     FBN 449202
> S. Kyle Weaver       ◆     FBN 1002666
>
> **Attorneys for Defendants**